BARTON, KLUGMAN & OETTING LLP
Terry L. Higham, APLC (SBN 150726)
Thomas E. McCurnin, APC (SBN 103762)
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071-3454
Telephone:  213-621-4000
Facsimile:   213-625-1832
E-mail:        t.higham@bkolaw.com
                   tmccurnin@bkolaw.com

Attorneys for Defendants
SCHILLER STORES INC. and
LE CREUSET OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARA SHAPIRO, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LE CREUSET OF AMERICA, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT SCHILLER STORES INC. *d/b/a* LE CREUSET FACTORY STORE'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453**<br><br>[Class Action Fairness Act]<br><br>[Filed Concurrently with Exhibits to Notice of Removal; Request for Judicial Notice; and Declaration of Archie T. Murdaugh in Support of Defendant's Notice of Removal of Action]<br><br>Complaint Filed:             May 6, 2016<br>Amended Complaint Filed: June 24, 2016 |

TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Schiller Stores Inc. *d/b/a* Le Creuset Factory Stores ("Schiller"), acting with the concurrence of all other defendants named herein, removes this Class Action to the United States District Court for the Central District of California and from the Superior Court for the State of California, for Los Angeles County.   Schiller's Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, as amended in part by the Class

1

Action Fairness Act of 2005 ("CAFA"). Removal is proper here as this Court has original jurisdiction over the parties because this case constitutes a "class action" within the meaning of CAFA.[1] In support, Schiller presents the following facts and points of law:

1. **Procedural and Venue Matters**.

On May 6, 2016, Plaintiff Cara Shapiro ("Plaintiff") commenced a putative class action in the Superior Court of the State of California, County of Los Angeles, styled *Cara Shapiro vs. Le Creuset of America, Inc.*, where it was assigned Case No. BC 619 576 ("State Court Action"). Exhibit 1, Complaint at p.1. Plaintiff purports to be acting for herself and on behalf of all others similarly situated. *Id.*

On May 10, 2016, Plaintiff served concurring Defendant Le Creuset of America, Inc. ("Le Creuset") with process. Le Creuset is a Delaware corporation (Exhibit A, Request for Judicial Notice in Support of Notice of Removal ("RJN")). Le Creuset of America maintains its principal place of business in Early Branch, South Carolina (Complaint, ¶ 11).

On June 24, 2016, Plaintiff amended her Complaint in the State Court Action, naming Schiller as the defendant identified as DOE 1. Exhibit 14. On July 13, 2016, Schiller effected the instant Removal by filing and serving this

---

[1] Schiller and the concurring Defendant Le Creuset expressly reserve all objections pursuant to Rule 12 of the Federal Rules of Civil Procedure, including, but not limited to, any objections it may have as to improper service of process, jurisdiction, venue or any other defenses or objections to this action. Neither Schiller nor concurring Defendant Le Creuset intend any admission of fact, law or liability by way of this Notice, and reserve all defenses, arguments and corresponding motions based thereon. By way of setting forth the bases for this removal with this Notice, neither Schiller nor concurring Defendant Le Creuset in any way concedes that the alleged claims are amenable to class treatment or that Plaintiff or any other putative class member is entitled to any recovery whatsoever. On the contrary, Schiller and concurring Defendant Le Creuset dispute and will continue to dispute Plaintiff's claims in their entirety.

Notice and its related documents. Removal by Schiller is timely because thirty (30) days have not elapsed following the date when Plaintiff amended her State Court Action naming Schiller as defendant DOE 1. *See* 28 U.S.C. § 1446(b)(1).

The California Superior Court in and for the County of Los Angeles where the State Court Action is located lies within the Central District of California. Furthermore, Plaintiff alleges that her transaction in question occurred within this District, namely Camarillo, California. Exhibit 1, Complaint, at ¶ 16. Removal to this District is proper as it embraces the location where the State Court Action is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

Schiller is contemporaneously lodging a copy of this Notice of Removal in the State Court Action and is serving copies of the removal documents on Plaintiff.

Concurrently filed with this Notice is Schiller's Civil Cover Sheet in compliance with Local Rule 3-1. Schiller and concurring Defendant Le Creuset are additionally filing a separately signed "Certification and Notice of Interested Parties" disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 7-1.1.

2. **The Pleadings in the State Court Action**.

The pleadings provided and/or filed to date in the State Court Action are:

a. "Summons and Complaint" filed by Plaintiff in the State Court Action on May 6, 2016. A true and correct copy is filed concurrently herewith as Exhibit "1."

b. "Civil Case Cover Sheet" filed by Plaintiff in the State Court Action on May 6, 2016. A true and correct copy is filed concurrently herewith as Exhibit "2."

c. "Civil Case Cover Sheet Addendum and Statement of Location" filed by Plaintiff in the State Court Action on May 6, 2016. A true and correct copy is filed concurrently herewith as Exhibit "3."

d. "Notice of Case Assignment – Class Action Cases" filed in the State

1  Court Action on May 6, 2016.  A true and correct copy is filed concurrently
2  herewith as Exhibit "4."
3       e.   State Court Action form entitled "Voluntary Efficient Litigation
4  Stipulations" provided by the court clerk in the State Court Action on May 6, 2016.
5  A true and correct copy of the State Court Action form entitled "Voluntary
6  Efficient Litigation Stipulations" is filed concurrently herewith as Exhibit "5."
7       f.   State Court Action form entitled "Stipulation – Early Organizational
8  Meeting" provided by the court clerk in the State Court Action on May 6, 2016.  A
9  true and correct copy is filed concurrently herewith as Exhibit "6."
10      g.   State Court Action form "Stipulation – Discovery Resolution" filed in
11 the State Court Action on May 6, 2016.  A true and correct copy is filed
12 concurrently herewith as Exhibit "7."
13      h.   State Court Action form "Informal Discovery Conference" provided
14 by the court clerk in the State Court Action on May 6, 2016.  A true and court
15 copy is filed concurrently herewith as Exhibit "8"
16      i.   State Court Action form "Stipulation and Order – Motions in Limine
17 Early" provided by the court clerk in the State Court Action on May 6, 2016.  A
18 true and correct copy is filed concurrently herewith as Exhibit "9."
19      j.   State Court Action Order – Initial Status Conference Order (Complex
20 Litigation Program), filed by the court in the State Court Action on June 16, 2016.
21 A true and correct copy is filed concurrently herewith as Exhibit "10."
22      k.   Civil Minutes, Entered by the Court in the State Court Action on June
23 16, 2016.  A true and correct copy is attached as Exhibit "11."
24      l.   Proof of service of process on Defendant Le Creuset of America, filed
25 by Plaintiff in the State Court Action on June 24, 2016.  A true and correct copy is
26 filed concurrently herewith as Exhibit "12."
27      m.   Amendment ("DOE Amendment") to Complaint naming Schiller
28 Stores Inc., filed by Plaintiff in the State Court Action on June 24, 2016.  A true

4

BARTON, KLUGMAN & OETTING LLP
350 SOUTH GRAND AVENUE, SUITE 2200
LOS ANGELES, CALIFORNIA 90071-3485
TELEPHONE (213) 621-4000

1 and correct copy is filed concurrently herewith as Exhibit "13."

2     n.    Notice of Initial Status Conference (Complex Litigation Program), filed by Plaintiff in the State Court Action on June 24, 2016. A true and correct copy is filed concurrently herewith as Exhibit "14."

    o.    Notice and Acknowledgment of Receipt – Civil regarding service of process on Schiller Stores, Inc., dated July 13, 2016. A true and correct copy is filed concurrently herewith as Exhibit "15."

Filed concurrently herewith as Exhibit "16" is a true and correct copy of the Case Report (Docket) for the State Court Action as it existed on July 20, 2016. The Docket for this lawsuit is a document which is publicly available from the Los Angeles County Superior Court via its website at: http://www.lacourt.org/casesummary/ui/casesummary.aspx?.

### 3. Unanimity and Consent to Removal.

Removal is unanimous. All party Defendants named in the State Court Action consent to the removal of the State Court Action to this Court. These are Schiller and concurring Defendant Le Creuset.

Unidentified "Doe" Defendants are disregarded from any determination of the diversity of citizenship in actions removed from state court. 28 U.S.C. § 1441(b)(1). Neither Schiller nor concurring Defendant Le Creuset are aware of the existence or service of process upon any unidentified "DOE" Defendant; no further consent to removal is required of such. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190 1193 n.1 (9th Cir.1988); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir.1984).

/ / /
/ / /
/ / /
/ / /
/ / /

DEFENDANT SCHILLER STORES INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441 AND 1453

4. **Removal and CAFA Jurisdiction**.[2]

The State Court Action is properly removed to the United States District Court, Central District of California, pursuant to 28 U.S.C. §1453(b), as this Court is vested with original jurisdiction under CAFA, codified at 28 U.S.C. § 1332(d).

Under CAFA, a class action against a non-governmental entity may be removed from a state court where: (1) the number of the proposed class members is not less than 100; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) any member of the proposed Plaintiff class is a citizen of a state different from any Defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5), (d)(6) and 1453(b). *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1016, 1020-1021 (9th Cir. 2007).

a. **Class Definition and Size**.

This putative class action lawsuit satisfies CAFA's first prong requiring that the removed action contain at least 100 putative class members. Relative to class size, Plaintiff defines the proposed class as follows:

> "[t]his lawsuit is brought on behalf of an ascertainable class <u>consisting of all persons in California</u> from whom Defendant requested and recorded 'personal identification information' during a credit card transaction, at any time, during the one-year period of time preceding the filing of the original Complaint and until said practice is terminated (the 'Class')."

Exhibit 1, Complaint at ¶ 30, lines 11-14 (emphasis added).

---

[2] The information set forth in this section of this Notice relates only to the allegations that Plaintiff's complaint has placed in controversy. Nothing in this Notice or the attached materials may be construed as any form of concession or representation by Schiller or concurring Defendant Le Creuset as to the validity or accuracy of Plaintiff's allegations.

Plaintiff's Complaint is predicated upon her anecdotal experience shopping at Schiller's Camarillo retail sales outlet store. *Id.*, at ¶¶ 9, 16-17. Schiller operates the Camarillo retail sales outlet store under the name Le Creuset Factory Stores. *See* Exhibit C, Request for Judicial Notice in Support of Removal.

During the relevant time period, Schiller's Camarillo retail outlet store conducted more than 10,000 individual Point of Sale ("POS") credit card transactions. *See* Declaration of Archie T. Murdaugh, at ¶ 4. That volume of POS credit card transactions, at that particular retail outlet alone, during the temporal period in question, yields the conclusion that Plaintiff's definition of the putative class satisfies CAFA's minimum putative class size of 100 members.

b. **CAFA's Amount in Controversy**.

While the total amount of the putative class' claimed damages is not specifically alleged, the lawsuit exceeds CAFA's amount in controversy prong.

Where a Plaintiff does not plead an amount of damages and an amount is not otherwise "facially apparent" from the Complaint, the court may consider facts in the removal petition to determine the amount in controversy. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010); *Krosk v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) [citing *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)].

Applying this rule, Plaintiff asserts that she and the putative class are entitled to an award of those statutory damages and attorneys' fees recoverable under *California Civil Code* §1747.08(e). *See* Exhibit 1, Complaint at ¶¶ 10 (lines 14-18) and 41 (lines 11-13). This statute is known as the Song-Beverly Credit Card Act of 1971 and imposes civil penalties upon violators, to wit:

> [a]ny person who violates this section shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action brought by the

person paying with the credit card.

*California Civil Code* § 1747.08(e).

Aggregating the statutory penalties potentially recoverable under the Song-Beverly Credit Card Act and for purposes of removal only, the amount in controversy here is likely in excess of $10,000,000.00. This conclusion is predicated upon the fact that, during the period set forth for the putative class, more than 10,000 POS credit card transactions occurred at Schiller's Camarillo outlet retail store. Declaration of Archie T. Murdaugh, at ¶ 4. *See also* Exhibit 1, Complaint at ¶¶ 9, 16-22 (locale where Plaintiff transacted business with Schiller). This conclusion satisfies the applicable standard. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007). Considering the penalty provisions of the Song-Beverly Credit Act of 1971, the potentially recoverable damages are demonstrably in excess of $10,000,000. *E.g.*, Civil Code §1747.08(e) [(1 x $250) + (10,000 x $1,000) = $10,000,250.00]. *See also Ibarra v. Mannheim Investments, Inc.*, 775 F.3d 1193, 1197-1198 (9th Cir. 2015) (Defendant's estimate of damages in a CAFA removal need only be reasonable); *Lewis v. Verizon Communications, Inc.*, 627 F.3d at 400-401.

In perspective, CAFA jurisdiction becomes applicable where the potentially recoverable damages meet or exceed the sum or value of $5,000,000.00. 28 U.S.C. § 1332(d)(6). *See also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 572, 162 L.Ed.2d 502, 125 S.Ct. 2611, 2628 (2005) (subject to certain limitations CAFA confers federal diversity jurisdiction over class actions where damages in the aggregate exceed $5,000,000); *Ibarra v. Mannheim Investments, Inc.*, 775 F.3d at 1197-1198. Because the potentially recoverable statutory penalties here are in excess of $10,000,000, Plaintiff's putative class action

satisfies CAFA's minimal threshold of $5,000,000.[3]

### c. **Minimal Diversity under CAFA**.

The third prong to CAFA original jurisdiction is that the civil action must involve "minimally diverse" parties, in which any member of the class of Plaintiffs is a citizen of a State different from any Defendant. 28 U.S.C. § 1332(d)(2). *See also Serrano v. 180 Connect, Inc.*, 478 F.3d at 1021; *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005). The facts demonstrate that this requirement is satisfied here.

### (i) **The Putative Plaintiffs Include California Domiciliaries**.

Relative to CAFA's distinctive "minimum diversity" requirement, Plaintiff's Complaint admittedly alleges she is a resident of Los Angeles County. Exhibit 1, Complaint, at ¶ 9. While her Complaint does not specify whether she is a California domiciliary, all relevant considerations demonstrate that "minimal diversity" is present.

Here, Plaintiff bases her action on a California statutory law which does not apply to foreign residents engaging in extraterritorial transactions. *See e.g., Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207 (2011) ("[h]owever far the Legislature's power may theoretically extend, we presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state ... unless such intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history"). *See also*

---

[3] This is particularly correct in view of the potential that there may be overlapping claims, given the potential for other litigation brought by other putative class representatives. Unlike this matter, other putative class representatives may not disclaim an amount in excess of $5,000,000. In view of the potential for the institution of other similarly postured litigation, based on the same statute and without any disclaimer, it appears that putative class counsel may not be adequate to represent the putative class based upon his preference for some of the claimed class members over others.

1 *Norwest Corp. v. Superior Court*, 72 Cal.App.4th 214 (1999) (courts do not construe a statute as regulating occurrences outside the state unless a contrary intention is clearly expressed or reasonably can be inferred from the language or purpose of the statute).

Plaintiff admits that the putative class comprises **all persons in California** who executed similar POS credit card transactions during the relevant one-year period preceding the State Court Action's filing (Exhibit 1, Complaint, at ¶ 30, emphasis added). Accordingly, Plaintiff's class allegations necessarily include California citizens, domiciled within California.

### (ii) Le Creuset and Schiller are Foreign Corporations.

Schiller and Defendant Le Creuset are foreign corporations and are minimally diverse to that of Plaintiff or at least to one other member of the putative class. Plaintiff's Complaint admits that Le Creuset is a Delaware corporation that exists under Delaware law with its principal place of business in South Carolina. Exhibit 1, Complaint at ¶ 11, lines 24-26. Schiller is likewise a Delaware corporation, existing under Delaware law with its principal place of business in Early Branch, South Carolina. *See* Declaration of Archie T. Murdaugh, at ¶ 2.

Like the factual scenario presented in *Serrano v. 180 Connect, Inc.*, 478 F.3d at 1020-1021, the evidence demonstrates that CAFA's minimal diversity of citizenship requirement embodied within 28 U.S.C. § 1332(d)(2)(A) is present here. At least one member of the proposed class of Plaintiffs is a citizen of a different state from Schiller and Defendant Le Creuset. Neither the permissive nor the mandatory provisions for declining jurisdiction found within 28 U.S.C. § 1332(d)(3) & (d)(4) are applicable here. Thus, CAFA vests this Court with original jurisdiction over this matter.

5. **Conclusion.**

This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). The alleged amount in controversy which is in excess of

$10,000,000 exceeds CAFA's minimum threshold of $5,000,000.00. Diversity of citizenship exists here between Defendants, which are Delaware corporations with their principal places of business in South Carolina, and the putative class of Plaintiffs which necessarily includes California citizens. The fact that more than 10,000 POS credit card transactions occurred at Schiller's Camarillo retail outlet store during the period in question, yields the conclusion there are more than 100 members of Plaintiff's putative class.

WHEREFORE, Schiller, acting together with Defendant Le Creuset, respectfully prays that this State Court Action be removed to the United States District Court for the Central District of California.

Dated: July 20, 2016

BARTON, KLUGMAN & OETTING LLP

By: _____
Attorneys for Defendants
SCHILLER STORES INC. and
LE CREUSET OF AMERICA, INC.

**CONSENT TO REMOVAL BY LE CREUSET OF AMERICA, INC.**

Dated: July 20, 2016

BARTON, KLUGMAN & OETTING LLP

By: _____
Attorneys for Defendants
SCHILLER STORES INC. and
LE CREUSET OF AMERICA, INC.

11

DEFENDANT SCHILLER STORES INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332(d), 1441 AND 1453