1   BARTON, KLUGMAN & OETTING LLP
    Terry L. Higham, APLC (SBN 150726)
2   Thomas E. McCurnin, APC (SBN 103762)
    350 South Grand Avenue, Suite 2200
3   Los Angeles, CA 90071-3454
    Telephone:  213-621-4000
4   Facsimile:  213-625-1832
    E-mail:      t.higham@bkolaw.com
5               tmccurnin@bkolaw.com

6   Attorneys for Defendants
    SCHILLER STORES INC. and
7   LE CREUSET OF AMERICA, INC.

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARA SHAPIRO, on Behalf of Herself and All Others Similarly Situated,<br><br>         Plaintiff,<br><br>    vs.<br><br>LE CREUSET OF AMERICA, INC., and DOES 1 through 100, inclusive,<br><br>         Defendants. | Case No.<br><br>**EXHIBITS TO NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 FILED BY DEFENDANT SCHILLER STORES INC.** *d/b/a* **LE CREUSET FACTORY STORE**<br><br>[Class Action Fairness Act]<br><br>[Filed Concurrently with Notice of Removal; Request for Judicial Notice; and Declaration of Archie T. Murdaugh in Support of Defendant's Notice of Removal of Action]<br><br>Complaint Filed:      May 6, 2016<br>Amended Complaint Filed: June 24, 2016 |

BARTON, KLUGMAN & OETTING LLP
350 SOUTH GRAND AVENUE, SUITE 2200
LOS ANGELES, CALIFORNIA 90071-3485
TELEPHONE (213) 621-4000

1

EXHIBIT  1

5/10/16 1:15

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LE CREUSET OF AMERICA, INC. & DOES 1-100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARA SHAPIRO, on Behalf of Herself and All Others Similarly
Situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 06 2016

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 619576 |

Central District

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zev B. Zysman, LAW OFFICES OF ZEV B. ZYSMAN, 15760 Ventura Blvd., 16th Floor, Encino, CA 91436

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha):* MAY 06 2016 | Clerk, by<br>*(Secretario)* SHAUNYA BOLDEN | Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* LE CREUSET OF AMERICA, INC.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT 2**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Zev B. Zysman (176805)
LAW OFFICES OF ZEV B. ZYSMAN, APC
15760 Ventura Boulevard, 16th Floor, Encino, CA 91436

TELEPHONE NO: (818) 783-8836   FAX NO: (818) 783-9985
ATTORNEY FOR (Name): CARA SHAPIRO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central District - Stanley Mosk Courthouse

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 0 6 2016

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

CASE NAME:
Cara Shapiro v. Le Creuset of America, Inc.

CASE NUMBER: BC 6 1 9 5 7 6

| CIVIL CASE COVER SHEET | | Complex Case Designation | | JUDGE: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☑ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): One
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: May 6, 2016
Zev B. Zysman, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

**EXHIBIT  3**

| SHORT TITLE: Cara Shapiro v. Le Creuset of America, Inc. | CASE NUMBER: BC 6 1 9 5 7 6 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.



**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g . slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Cara Shapiro v. Le Creuset of America, Inc. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Cara Shapiro v. Le Creuset of America, Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Cara Shapiro v. Le Creuset of America, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS: 15760 Ventura Boulevard, 16th Floor |
|---|---|
| CITY: Encino | STATE: CA | ZIP CODE: 91436 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 6, 2016

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT  4**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c))

**BC 6 1 9 5 7 6**

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
|  | 307 | 1402 |
| OTHER |  |  |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____MAY 06 2016_____ SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk

LACIV CCW 190 (Rev. 04/16)
LASC Approved 05-06

**EXHIBIT 5**



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈



**EXHIBIT 6**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          >_____
   (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)
Date:

_____          >_____
   (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          >_____
   (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          >_____
   (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

_____          >_____
   (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date:

_____          >_____
   (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date:

_____          >_____
   (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

**EXHIBIT 7**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a.  The party requesting the Informal Discovery Conference will:

      I.    File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      II.   Include a brief summary of the dispute and specify the relief requested; and

      III.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b.  Any Answer to a Request for Informal Discovery Conference must:

      I.    Also be filed on the approved form (copy attached);

      II.   Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR_____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR_____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR_____)

**EXHIBIT  8**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐　　Request for Informal Discovery Conference
   ☐　　Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

**EXHIBIT 9**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____ ▷ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR PLAINTIFF)

Date: _____

_____ ▷ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date: _____

_____ ▷ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date: _____

_____ ▷ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR DEFENDANT)

Date: _____

_____ ▷ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR _____)

Date: _____

_____ ▷ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR _____)

Date: _____

_____ ▷ _____
(TYPE OR PRINT NAME)          (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                              JUDICIAL OFFICER

EXHIBIT 10

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

JUN 1 6 2016

Sherri R. Carter, Executive Officer/C
By: B. Burns Tucker, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CARA SHAPIRO, on Behalf of Herself and All Others Similarly Situated,<br><br> Plaintiff(s),<br><br>vs.<br><br>LE CREUSET OF AMERICAN, INC., AND does 1 through 100, inclusive<br><br><br> Defendant(s). | Case No.: BC619578<br><br>INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All purposes to Judge Elihu M. Berle<br><br>Department 323<br>Date: June 16, 2016<br>Time: 11:00 AM |

   This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program. An Initial Status Conference is set for August 17, 2016 at 2:00 p.m., in Department 323 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

   The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

must file a Joint Initial Status Conference Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

a)   Motion to Compel Arbitration,

b)   Demurrers, and/or motions for judgment on pleadings,

c)   Motions to strike,

d)   Motions for summary judgment and summary adjudication,

e)   Early motions in limine,

f)   Early motions about particular jury instructions and verdict forms.

**NOTE:  Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1].  Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9.  PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**10.  DISCOVERY:**  Please discuss discovery. Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.  The court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**11.  INSURANCE COVERAGE:**  Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**12.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**13.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

■   The next status conference,

---

[1] See Code Civ. Proc. § 437c, subd. (s)

1　　　　■　A schedule for alternative dispute resolution, if it is relevant,

2　　　　■　A filing deadline for the motion for class certification, and

3　　　　■　Filing deadlines and descriptions for other anticipated non-discovery motions.

4　　**14. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex

5　program requires the parties in every new case to use a third party cloud service, such as:

6　　　　■　Case Anywhere (www.caseanywhere.com),

7　　　　■　CaseHomePage (www.casehomepage.com), or

8　　　　■　Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

9　　　　Please select one and submit the parties' choice when filing the Joint Initial Status

10　Conference Class Action Response Statement. If there is agreement, please identify the

11　vendor. If the parties cannot agree, the court will select the vendor at the Initial Status

12　Conference. Electronic service is not the same as electronic filing. Only traditional

13　methods of filing by physical delivery of original papers or by fax filing are presently

14　acceptable.

15　　　　Pending further order of this Court, and except as otherwise provided in this Initial

16　Status Conference Order, ***these proceedings are stayed, except for service of summons***

17　***and complaint and filing of Notice of Appearance***. This stay shall preclude the filing of

18　any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

19　Court. Any defendant may file a Notice of Appearance for purposes of identification of

20　counsel and preparation of a service list. The filing of such a Notice of Appearance shall

21　be without prejudice to any challenge to the jurisdiction of the Court, substantive or

22　procedural challenges to the Complaint, without prejudice to any affirmative defense, and

23　without prejudice to the filing of any cross-complaint in this action. This stay is issued to

24　assist the Court and the parties in managing this "complex" case. Although the stay

25　applies to discovery, this stay shall not preclude the parties from informally exchanging

26　documents that may assist in their initial evaluation of the issues presented in this case.

27　　　　Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order

28　on counsel for all parties, or if counsel has not been identified, on all parties, within five

1   (5) days of service of this order.  If any defendant has not been served in this action,

2   service is to be completed within twenty (20) days of the date of this order.

3                                             ELIHU M. BERLE
                                       Judge of the Superior Court

4   Dated:     JUN 16 2016

5                                       HON. ELIHU M. BERLE
                                        JUDGE OF THE SUPERIOR COURT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

1                                 **PROOF OF SERVICE**

2

3 STATE OF CALIFORNIA         )        ss.:

                                      )

COUNTY OF LOS ANGELES    )

4

5       I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 15760 Ventura Boulevard, 16th Floor

6 Encino, CA 91436            .

7        On June 23, 2016 pursuant to the Court's Order dated June 16, 2016, I instituted service of the foregoing document(s) described as: **NOTICE OF INITIAL STATUS CONFERENCE**

8 **AND ORDER RE NEWLY ASSIGNED COMPLEX CASE** , on the interested parties by:

9

10

 **X**     **BY  MAIL** as indicated above. I deposited such envelope(s) in the mail at Los Angeles,

11 California.  The envelope was mailed with postage thereon fully prepaid.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  Under

12 that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am

13 aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an

14 affidavit.

15       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

      Executed on June 23, 2016 at Encino, California.

17

18   ___Chris Arnall_____          _____

        Type or Print Name                       Signature

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 11**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/16/16

DEPT. 323

HONORABLE ELIHU M. BERLE   JUDGE

B. BURNS-TUCKER   DEPUTY CLERK

HONORABLE #ADD ON   JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

M. MOLINAR   Deputy Sheriff

NONE   Reporter

| 11:00 am | BC619576 | | |
|---|---|---|---|
| | CARA SHAPIRO | Plaintiff Counsel | NO APPEARANCES |
| | VS | | |
| | LE CREUSET OF AMERICA INC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY ASSIGNED COMPLEX CASE;

This case has been randomly assigned to this department for all purposes.

This case is determined to be Complex within the meaning of Rule 3.400 of the California Rules of Court.

The Court issues an Initial Status Conference Order.

Initial Status Conference is set for August 17, 2016 at 2:00 P.m. in Department 323. Counsel are ordered to file a Joint Initial Status Conference report five (5) court days before the Initial Status Conference. The Joint Report must be filed on line-numbered pleading paper and must specifically answer each of the questions set forth in the Initial Status Conference Order. Do not use the Judicial Council Form CM-110 (Case Management Statement).

At least 10 days prior to the Initial Status Conference, counsel for all parties must meet and discuss the issues set forth in the Initial Status Conference Order issued this date. Compliance with the Initial Status Conference Order is essential for assisting the Court and the parties in managing this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties

Page   1 of   3   DEPT. 323

MINUTES ENTERED
06/16/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 06/16/16 | | | | DEPT. 323 |
|---|---|---|---|---|
| HONORABLE ELIHU M. BERLE | JUDGE | B. BURNS-TUCKER | | DEPUTY CLERK |
| HONORABLE #ADD ON | JUDGE PRO TEM | | | ELECTRONIC RECORDING MONITOR |
| M. MOLINAR | Deputy Sheriff | NONE | | Reporter |

| 11:00 am | BC619576 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | CARA SHAPIRO VS LE CREUSET OF AMERICA INC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

are encouraged to informally exchange documents and information that may be useful for case evaluation.

Unless exempt, each party is required to pay fees of $1,000.00 to the Los Angeles Superior Court pursuant to Government Code Section 70616 subdivisions (a) and (b), within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the Court's Initial Status Conference Order on all parties forthwith, and file a Proof of Service in this department within seven days of service.

## CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Page   2 of   3   DEPT. 323

```
MINUTES ENTERED
06/16/16
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/16/16

DEPT. 323

HONORABLE ELIHU M. BERLE    JUDGE    B. BURNS-TUCKER    DEPUTY CLERK

HONORABLE    JUDGE PRO TEM    ELECTRONIC RECORDING MONITOR
#ADD ON
   M. MOLINAR    Deputy Sheriff    NONE    Reporter

11:00 am  BC619576

CARA SHAPIRO
VS
LE CREUSET OF AMERICA INC

Plaintiff
Counsel          NO APPEARANCES

Defendant
Counsel

**NATURE OF PROCEEDINGS:**

Dated: June 16, 2016

Sherri R. Carter, Executive Officer/Clerk

By: _____ **B. BURNS TUCKER** _____
              B. Burns-Tucker

LAW OFFICES OF ZEV B. ZYSMAN
A professional Corporation
Zev B. Zysman
15760 Ventura Blvd., 16th Floor
Encino, CA 91436

Page   3 of   3   DEPT. 323

**MINUTES ENTERED**
06/16/16
**COUNTY CLERK**

**EXHIBIT  12**



1  LAW OFFICES OF ZEV B. ZYSMAN
   Zev B. Zysman (176805)
2  zev@zysmanlawca.com
   15760 Ventura Boulevard
3  16th Floor
   Encino, CA 91436
4  Telephone:    (818) 783-8836
   Facsimile:    (818) 783-9985
5
   *Attorneys for Plaintiff and*
6  *the Proposed Class*

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF LOS ANGELES**

10

11  CARA SHAPIRO, on Behalf of Herself and All )   Case No: BC619576
    Others Similarly Situated,                  )
12                                              )   **CLASS ACTION**
                                                )
13                     Plaintiff,               )   **PROOF OF SERVICE OF SUMMONS**
                                                )   **AND COMPLAINT**
14       v.                                     )
                                                )
15                                              )
    LE CREUSET OF AMERICA, INC., and           )
16  DOES 1 through 100, inclusive,              )
                                                )
17                                              )
                                                )
18                     Defendants.              )
                                                )
19  _____ )

20

21

22

23

24

25

26

27

28
_____
PROOF OF SERVICE OF SUMMONS AND COMPLAINT

ORIGINAL

Superior Court of California
County of Los Angeles

JUN 24 2016

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Kim L. Clark

FAXED

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>ZEV B. ZYSMAN, ESQ. (SBN 176805)<br>**LAW OFFICES OF ZEV B. ZYSMAN, A Professional Corporation**<br>15760 VENTURA BLVD., 16TH FLOOR<br>ENCINO, CA 91436<br>TELEPHONE NO.: (818) 783-8836   FAX NO. *(Optional):* (818) 783-9985<br>E-MAIL ADDRESS *(Optional):* zev@zysmanlawca.com<br>ATTORNEY FOR *(Name):* PLAINTIFF AND THE PROPOSED CLASS | FOR COURT USE ONLY |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES<br>STREET ADDRESS: 600 S. COMMONWEALTH AVE.<br>MAILING ADDRESS: SAME AS ABOVE<br>CITY AND ZIP CODE: LOS ANGELES, CA 90005<br>BRANCH NAME: CENTRAL CIVIL WEST COURTHOUSE |

| | |
|---|---|
| PLAINTIFF/PETITIONER: CARA SHAPIRO, on behalf of Herself and All Others Similarly Situated<br>DEFENDANT/RESPONDENT: LE CREUSET OF AMERICA, INC.; et al. | CASE NUMBER:<br>BC619576 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>ZEVZY-0086296.GE |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) Package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ Other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - CLASS ACTION CASES; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS
3. a. Party served *(specify name of party as shown on documents served):*
      LE CREUSET OF AMERICA, INC.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT CORPORATION SYSTEM, AGENTS FOR SERVICE By leaving with VALERIE VILLEGAS, PROCESS SPECIALIST
4. Address where the party was served: 818 WEST 7TH STREET, SUITE 930, LOS ANGELES, CA 90017

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 05/10/2016   (2) at *(time):* 1:15 PM
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ.Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: CARA SHAPIRO, on Behalf of Herself and All Others Similarly Situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LE CREUSET OF AMERICA, INC.; et al. | BC619576 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:                 (2)  from *(city)*:

    (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt).* (Code Civ. Proc., § 415.30.)

    (4) ☐   to an address outside California with return receipt requested.   (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐  as an individual defendant.

  b. ☐  as the person sued under the fictitious name of *(specify)*:

  c. ☐  as occupant.

  d. ☑  On behalf of *(specify)*:   LE CREUSET OF AMERICA, INC.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**

  a.  Name: EDUARDO ORDORICA

  b.  Address: PO Box 861057, Los Angeles, California 90086

  c.  Telephone number: (213) 975-9850

  d.  The **fee** for service was: $ 55.00

  e.  I am:

    (1) ☐  not a registered California process server.

    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑  registered California process server:

      (i) ☐ owner ☐ employee ☑ independent contractor.

      (ii) Registration No.:2015012487

      (iii) County: LOS ANGELES

8. ☑  I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐  I am a California **sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 5/11/2016

EDUARDO ORDORICA           ▶                  (SIGNATURE )
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

**EXHIBIT  13**

COPY

RECEIVED JUL 1 8 2016

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Zev B. Zysman (176805)<br>LAW OFFICES OF ZEV B. ZYSMAN, APC<br>18760 VENTURA BLVD., 16TH FLOOR<br>ENCINO, CA 91436 | 176805 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 24 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: _____ Deputy |
| ATTORNEY FOR (Name): CARA SHAPIRO | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| Central Civil West Courthouse,600 South Commonwealth Ave. L.A. CA |

| PLAINTIFF: |
|---|
| CARA SHAPIRO |

| DEFENDANT: |
|---|
| LE CREUSET OF AMERICA, INC., ET AL |

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC619576 |
|---|---|

---

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

| FICTITIOUS NAME |
|---|
| Doe 1 |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| Schiller Stores, Inc., a Delaware Corporation |

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 6/23/16 | Zev B. Zysman | |

---

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

| INCORRECT NAME |
|---|
| |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| |

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

---

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____                    _____

Dated                                                      Judicial Officer

LACIV 105 (Rev. 01/07)          **AMENDMENT TO COMPLAINT**          Code Civ. Proc., §§ 471.5,
LASC Approved 03-04               (Fictitious / Incorrect Name)               472, 473, 474

RECEIVED JUL 18 2016

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LE CREUSET OF AMERICA, INC. & DOES 1-100, Inclusive

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 06 2016

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARA SHAPIRO, on Behalf of Herself and All Others Similarly Situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER |
|---|---|
| *(El nombre y dirección de la corte es:)* Central District | *(Número del Caso)* **BC 619576** |

Los Angeles Superior Court, 111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zev B. Zysman, LAW OFFICES OF ZEV B. ZYSMAN, 15760 Ventura Blvd., 16th Floor, Encino, CA 91436

| DATE: | MAY 06 2016 | Clerk, by | SHAUNYA BOLDEN | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* DOE 1

3. ☒ on behalf of *(specify):* SCHILLER STORES, INC. a Delaware Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Case 2:16-cv-05408-GW-AS Document 1-1 Filed 07/20/16 Page 45 of 90 Page ID #:56

RECEIVED JUL 18 2016

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 06 2016

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LE CREUSET OF AMERICA, INC. & DOES 1-100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARA SHAPIRO, on Behalf of Herself and All Others Similarly Situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central District

Los Angeles Superior Court, 111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
BC 619576

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zev B. Zysman, LAW OFFICES OF ZEV B. ZYSMAN, 15760 Ventura Blvd., 16th Floor, Encino, CA 91436

DATE:
*(Fecha)* MAY 06 2016

Clerk, by
*(Secretario)* SHAUNYA BOLDEN, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* LE CREUSET OF AMERICA, INC.

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)

[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

RECEIVED JUL 18 2016

1  LAW OFFICES OF ZEV B. ZYSMAN
   A Professional Corporation
2  Zev B. Zysman (176805)
   zev@zysmanlawca.com
3  15760 Ventura Boulevard
   16th Floor
4  Encino, CA 91436
   Telephone:    (818) 783-8836
5  Facsimile:    (818) 783-9985

6  Attorneys for Plaintiff and
   the Proposed Class

7

8

**CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles**

MAY 0 6 2016

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11

12  CARA SHAPIRO, on Behalf of Herself and All )   Case No:  BC 6 1 9 5 7 6
13  Others Similarly Situated,                 )
                                               )   CLASS ACTION
14                    Plaintiff,               )
                                               )   COMPLAINT FOR:
15         v.                                  )
                                               )   VIOLATIONS OF CALIFORNIA CIVIL
16  LE CREUSET OF AMERICA, INC., and           )   CODE § 1747.08
17  DOES 1 through 100, inclusive,             )
                                               )
18                                             )
                                               )
19                    Defendants.             )
                                               )
20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1    Plaintiff Cara Shapiro ("Plaintiff"), brings this action against Defendant Le Creuset of

2    America, Inc. ("Defendant") and Does 1-100 on behalf of herself, and all others similarly

3    situated, upon information and belief, except as to her own actions, the investigation of her

4    counsel, and the facts that are a matter of public record, as follows:

5                                            **INTRODUCTION**

6        1.      Defendant operates stores throughout the United States which offers cookware

7    and other kitchen accessories.  As of May 2016, Defendant operated seventy-four signature

8    retail and outlet stores in the United States, including eight outlet stores in California.

9        2.      This consumer class action arises out of Defendant's violations of the Song-

10   Beverly Credit Card Act ("Song-Beverly"), California Civil Code § 1747.08, *et seq*.  Defendant

11   accepts credit cards in payment for merchandise.  Civil Code § 1747.08 generally states that

12   when a merchant is engaged in a credit card retail transaction with a customer, the merchant may

13   neither (1) request personal identification information from a customer paying for goods with a

14   credit card, and then record that personal identification information upon the credit card

15   transaction form or otherwise; nor (2) require as a condition to accepting the credit card as

16   payment the cardholder to provide the customer's personal identification information which the

17   retailer causes to be written, or otherwise records upon the credit card transaction form or

18   otherwise.[1]

19       3.      Defendant's acts and practices as herein alleged were at all times intentional.

20   Specifically, Defendant engaged and continue to engage in a pattern of unlawful business

21   practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers both

22   _____

23       [1] California Civil Code § 1747.08 states in relevant part:
     "(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which

24   accepts credit cards for the transaction of business shall do either of the following:

25   (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or
     services, the cardholder to provide personal identification information, which the person, firm, partnership,

26   association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon
     the credit card transaction form or otherwise.

27   (b) For purposes of this section 'personal identification information,' means information concerning the
     cardholder, other than information set forth on the credit card, and including, but not limited to, the

28   cardholder's address and telephone number."

CLASS ACTION COMPLAINT                    1

1   request and record personal identification information, in the form of customer's customer's

2   addresses (e-mail and/or mail), along with credit card numbers from customers using credit cards

3   at the point-of-sale in Defendant's retail stores.  On information and belief, Plaintiff alleges that

4   by capturing customer's "personal identification information," Defendant creates a buying

5   history and run individual mailing lists in order to market their products and/or solicit customers

6   and/or sell such data to direct marketing specialists and/or other third parties.

7       4.      This action arises from Defendant's violations of California Civil Code

8   § 1747.08(a)(2), by and through Defendant requesting and recording of Plaintiff's and the Class

9   members' personal identification information during credit card transactions, at the point-of-sale

10  process at Defendants' retail establishments in California, during the one-year period of time

11  preceding the date of filing the original Complaint and until said practice is terminated (the

12  "Class Period").

13      5.      Plaintiff does not seek any relief greater than or different from the relief sought for

14  the Class of which Plaintiff is a member.  If successful, this action will enforce an important right

15  affecting the public interest and will confer a significant benefit, whether pecuniary or non-

16  pecuniary, on a large class of persons.  Private enforcement is necessary and places a

17  disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in this matter.

18                          **JURISDICTION AND VENUE**

19      6.      This Court has jurisdiction over the cause of action asserted herein pursuant to

20  California Constitution, Article VI, § 10, because this case involves a cause of action not given

21  by statute to other trial courts or administrative agencies.  In the aggregate, the damages caused

22  to the members of the Class as defined below exceed the jurisdictional minimum of this Court,

23  but neither the Plaintiff nor any member of the Class individually has suffered damages of, at

24  least, $75,000.

25      7.      This Court has jurisdiction over the Defendant named herein because Defendant

26  does sufficient business in California, has sufficient minimum contacts with California or

27  otherwise intentionally avail itself of the markets within California through its sales, advertising

28  and marketing to render the exercise of jurisdiction by California courts and the application of

CLASS ACTION COMPLAINT                    2

1  California law to the claims of the Plaintiff permissible under traditional notions of fair play and

2  substantial justice.

3      8.      Venue is proper in this Court since, as detailed below, the named Plaintiff is a

4  resident of this County, a substantial number of Defendant's acts occurred in this County, and

5  Defendant received substantial compensation from sales of its products in this County by doing

6  business here.  Thus, as to the named Plaintiff and thousands of Class members, certain liability

7  of the Defendant arose in part in this County.

8                              **THE PARTIES**

9      **A.      Plaintiff**

10     9.      Plaintiff Cara Shapiro (herein referred to as "Plaintiff") is a resident of Los

11  Angeles County, California.  On March 3, 2016, Plaintiff entered into a credit card retail

12  transaction with Defendant at one of Defendant's California stores in Ventura County.  Plaintiff's

13  transaction did not involve mail order or shipping or cash advances.

14     10.     Plaintiff brings this class action against Defendant, pursuant to California Code of

15  Civil Procedure § 382, on behalf of herself and all persons in California from whom Defendant

16  requested and recorded personal identification information during a credit card transaction, at any

17  time during the one-year period of time preceding the filing of the original Complaint and until

18  said practice is terminated (the "Class").  Excluded from the Class definition are any specific

19  transactions that involved shipping, delivery, servicing, installation, or for a special order.  Also

20  excluded from the Class is Defendant, its corporate parents, subsidiaries and affiliates, officers

21  and directors, any entity in which Defendant has a controlling interest, and the legal

22  representatives, successors or assigns of any such excluded persons or entities.

23     **B.      Defendant**

24     11.     Defendant Le Creuset of America, Inc. (herein referred to as "Le Creuset") is a

25  Delaware corporation.  Le Creuset's principal place of business is located in Early Branch, South

26  Carolina.  Plaintiff is informed and believes, and on that basis alleges, that Le Creuset operates as

27  a subsidiary of Le Creuset S.A.S.  Le Creuset is a premium manufacturer of enamelled cast iron

28  cookware.  Le Creuset's products include, stoneware, cooking and wine tools, stockpots, kettles

CLASS ACTION COMPLAINT                    3

1   and high performance stainless steel and nonstick cookware and bakeware, tabletop, and other

2   kitchen accessories. Plaintiff is informed and believes, and on that basis alleges, that Le Creuset

3   owns and operates the Le Creuset stores in California.

4         12.    The only stores that are the subject of this Complaint are the ·Le Creuset stores

5   located in California.

6       **C.**    **Doe Defendants**

7         13.    The true names and capacities of Defendants sued in this Complaint as Does 1

8   through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants

9   by such fictitious names. Plaintiff will amend this Complaint to reflect the true names and

10   capacities of the Defendants designated herein as Does 1 through 100 when such identities

11   become known.

12       **D.**    **Agency/Aiding And Abetting**

13         14.    At all times herein mentioned, Defendants, and each of them, were an agent or

14   joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

15   within the course and scope of such agency. Each Defendant had actual and/or constructive

16   knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

17   acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits

18   of said wrongful acts.

19         15.    Defendants, and each of them, aided and abetted, encouraged and rendered

20   substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

21   class, as alleged herein. In taking action, as particularized herein, to aid and abet and

22   substantially assist the commissions of these wrongful acts and other wrongdoings complained

23   of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and

24   realized that his/her/its conduct would substantially assist the accomplishment of the wrongful

25   conduct, wrongful goals, and wrongdoing.

26   ///

27   ///

28   ///

CLASS ACTION COMPLAINT         4

**CONDUCT GIVING RISE TO THE VIOLATIONS OF THE LAW**

A.      **Plaintiff's Contact with Defendant**

16.      On or about March 3, 2016, Plaintiff went to Defendant's outlet store operated under the name Le Creuset in Camarillo, California.

17.      Plaintiff entered the Le Creuset store and proceeded to select a product from the store that Plaintiff intended to purchase.

18.      After selecting the item, Plaintiff proceeded to the cashiers' section of the store to pay for the item selected through the use of a credit card.

19.      Defendant's employee saw that Plaintiff had selected a product that Plaintiff wished to purchase with her credit card.  However, as part of Defendant's Information Capture Policy, and during the credit card sales transaction, Plaintiff was then asked for "personal identification information," in the form of the Plaintiff's e-mail address and zip code, by Defendant's employee attending to the transaction.  Plaintiff provided the personal identification information in response to the request, which Defendant's employee then typed and recorded into an electronic sales register at the checkout counter adjacent to both the employee and Plaintiff.

20.      Defendant's employee then proceeded to inform Plaintiff of the amounts due to Defendant for said product.  Plaintiff proceeded to swipe her credit card into a credit card processing device adjacent to both the employee and Plaintiff.

21.      At this point in the transaction Defendant had Plaintiff's credit card number, along with her name, e-mail address and zip code, recorded in its database.

22.      Defendant's employee and Plaintiff completed the transaction, and Plaintiff left Defendant's store with her purchased item.

23.      As a direct result of Defendant's unlawful conduct described herein, Plaintiff suffered injury in fact.

B.      **Defendant's Conduct Violated Civil Code § 1747.08**

24.      Defendant's conduct as alleged herein expressly violated Civil Code § 1747.08. Civil Code § 1747.08(a)(2) provides, in relevant part, that:

1      [N]o person, firm, partnership, association, or corporation that accepts credit cards

2      for the transaction of business shall . . . *request*, or require as a condition to

3      accepting the credit card as payment in full or in part for goods or services, *the*

4      *cardholder to provide personal identification information, which the person, firm,*

5      *partnership, association, or corporation accepting the credit card writes, causes*

6      *to be written, or otherwise records upon the credit card transaction form or*

7      *otherwise.* (Emphasis added).

8      25.    Civil Code § 1747.08(b) further provides that "For purposes of this section,

9 'personal identification information' means information concerning the cardholder, other than

10 information set forth on the credit card, and including, but not limited to, the cardholder's

11 address and telephone number."

12      26.    Civil Code § 1747.08(c) provides that the prohibition against requesting and

13 recording personal identification information in connection with credit card transactions does not

14 apply if the credit card is being used as a deposit to secure payment in the event of default, loss,

15 damage or other similar occurrence; for cash advance transactions; if the retailer is contractually

16 obligated to provide personal identification information in order to complete the credit card

17 transaction or is obligated to collect and record the personal identification information by federal

18 law or regulation; or if personal identification information is required for any special purpose

19 incidental but related to the credit card transaction, such as for information related to shipping,

20 delivery, servicing, installation, or for a special order.  Plaintiff's transaction as alleged herein

21 did not involve any of the exceptions under § 1747.08.

22      27.    As the California Supreme Court explained "[t]he Song-Beverly Credit Card Act

23 of 1971 . . . is 'designed to promote consumer protection.' [Citation.] One of its provisions,

24 section 1747.08, prohibits businesses from requesting that cardholders provide 'personal

25 identification information' *during credit card transactions*, and then recording that information."

26 *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal.4th 524, 527 (2011) (italics added); *see also*

27 *Florez v. Linens'N Things*, 108 Cal. App. 4th 447, 451-453 (2003).

28

CLASS ACTION COMPLAINT         6

28. Similarly, the California Court of Appeal addressed Civil Code § 1747.08, holding that "[a]s we read it, the legislative intent suggests the 1991 amendment simply clarified that a 'request' for personal identification information was prohibited if it immediately preceded the credit card transaction, even if the consumer's response was voluntary and made only for marketing purposes." *Florez v. Linens 'N Things*, 108 Cal. App. 4th 447, 453 (2003).

29. The penalty for violating Civil Code § 1747.08 is up to two-hundred fifty dollars ($250) for the first violation and one thousand dollars ($1,000) for each subsequent violation, to be assessed and collected in a civil action under this statute by, *inter alia*, the person paying with the credit card.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

30. This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons in California from whom Defendant requested and recorded "personal identification information" during a credit card transaction, at any time during the one-year period of time preceding the filing of the original Complaint and until said practice is terminated (the "Class"). Excluded from the Class definition are any specific transactions that involved shipping, delivery, servicing, installation, or for a special order. Also excluded from the Class is Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

31. This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure § 382, and case law thereunder, to which the California trial courts have been directed by the California Supreme Court to look for guidance.

32. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, such information can be ascertained though appropriate discovery which seeks records such as sales transactions maintained by Defendant and its agents. The members of the Class may also be notified of the pendency of this action by published notice, mailed notice and/or emailed notice.

CLASS ACTION COMPLAINT                              7

1     33.    There is a well-defined community of interest in the questions law and fact

2 affecting the parties represented in this action.

3     34.    Common questions of law and fact exist as to all members of the Class.  These

4 common questions predominate over the questions affecting only individual  members of the

5 Class.

6     35.    Among the questions of law and fact common to the Class are, *inter alia*:

7     a.    Whether each Class member engaged in a credit card transaction with Defendant;

8     b.    Whether Defendant requested the cardholder to provide personal identification

9 information and recorded the personal identification information of the cardholder during credit

10 card transactions with Class members;

11     c.    Whether Defendant's conduct of requesting the cardholder to provide personal

12 identification information during credit card transactions and recording the personal

13 identification information of the cardholder constitutes violations of California Civil Code §

14 1747.08(a)(2); and

15     d.    Whether Plaintiff and the Class are entitled to civil penalties, and the proper

16 amount of civil penalties to be paid to Class members.

17     36.    Plaintiff's claims are typical of those of the other Class members because

18 Plaintiff, like every other Class member, was exposed to virtually identical conduct and is

19 entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

20 pursuant to California Civil Code § 1747.08(e).

21     37.    Plaintiff can fairly and adequately represent the interests of the Class, she has no

22 conflicts of interest with other Class members, is subject to no unique defenses, and has retained

23 counsel competent and experienced in the prosecution of class actions.

24     38.    A class action is superior to other available methods for the fair and efficient

25 adjudication of this controversy because joinder of all members is impracticable, the likelihood

26 of individual Class members prosecuting separate claims is remote and individual Class members

27 do not have a significant interest in individually controlling the prosecution of separate actions.

28 Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as

CLASS ACTION COMPLAINT        8

1  a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the

2  management of this action which would preclude its maintenance as a class action.

3      39.    Plaintiff explicitly reserves the right to add additional class representatives,

4  provided that Defendant is given an opportunity to conduct discovery on the chosen

5  representative(s). Plaintiff will identify and propose class representatives with the filing of

6  Plaintiff's motion for class certification.

7

8                        **FIRST CAUSE OF ACTION**
   **FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08(a)(2)**
9                  **[SONG-BEVERLY CREDIT CARD ACT OF 1971]**

10     40.    Plaintiff refers to and incorporates by reference as though set forth fully herein

11 paragraphs 1 through 40 of this Complaint.

12     41.    California Civil Code § 1747.08 prohibits any corporation, which accepts credit

13 cards for the transaction of business, from requesting the cardholder to provide personal

14 identification information which the corporation then records during a credit card transaction.

15     42.    Defendant is a corporation that accepts credit cards for the transaction of business.

16     43.    During credit card transactions entered into at Defendant's stores in California

17 during the Class Period, Defendant utilized, and continues to utilize, an "Information Capture

18 Policy" whereby Defendant's employees both request and record personal identification

19 information, in the form of customer's addresses (e-mail and/or mail) from customers using

20 credit cards at the point-of-sale in Defendant's stores.

21     44.    It is and was Defendant's routine business practice to intentionally engage in the

22 conduct described in this cause of action with respect to persons who, while using a credit card,

23 purchased products from Defendant's stores in the State of California during the Class Period.

24     45.    Due to Defendant's violations as set forth herein, Plaintiff and the Class are

25 entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

26 pursuant to California Civil Code § 1747.08(e).

27 ///

28 ///

1    WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

2                                    **PRAYER FOR RELIEF**

3    PLAINTIFF AND THE CLASS pray for judgment against Defendant as follows:

4    1.    For an order certifying this matter as a class action;

5    2.    For an order awarding Plaintiff and each member of the Class the civil penalty to

6    which he or she is entitled under California Civil Code § 1747.08(e);

7    3.    For distribution of any moneys recovered on behalf of the Class of similarly

8    situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant

9    from retaining the benefits of its wrongful conduct;

10   4.    For an award of attorneys' fees as authorized by statute including, but not limited

11   to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the

12   "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

13   5.    For costs of the suit incurred herein;

14   6.    For prejudgment interest at the legal rate; and

15   7.    For such other and further relief as the Court may deem proper.

16

17   Dated: May 6, 2016                    **LAW OFFICES OF ZEV B. ZYSMAN**
                                           A Professional Corporation
18
19                                         By: _____
                                              /Zev B. Zysman
20
                                           *Attorneys for Plaintiff and*
21                                         *the Proposed Class*

22

23

24

25

26

27

28

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c))

BC 6 1 9 5 7 6

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
|  | 307 | 1402 |
| OTHER |  |  |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____ MAY 06 2016 SHERRI R. CARTER, Executive Officer/Clerk

BY _____, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Zev B. Zysman (176805)<br>LAW OFFICES OF ZEV B. ZYSMAN, APC<br>15760 Ventura Boulevard, 16th Floor, Encino, CA 91436<br><br>TELEPHONE NO.: (818) 783-8836    FAX NO.: (818) 783-9985<br>ATTORNEY FOR (Name): CARA SHAPIRO | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 06 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Shaunya Bolden, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central District - Stanley Mosk Courthouse

| CASE NAME:<br>Cara Shapiro v. Le Creuset of America, Inc. | | |
|---|---|---|
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>BC619576<br><br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):  One
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 6, 2016
Zev B. Zysman, Esq.
_____   ▶   _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Cara Shapiro v. Le Creuset of America, Inc. | CASE NUMBER BC 6 1 9 5 7 6 |
| --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**



**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
| --- |

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases — unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Cara Shapiro v. Le Creuset of America, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Cara Shapiro v. Le Creuset of America, Inc. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Cara Shapiro v. Le Creuset of America, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>15760 Ventura Boulevard, 16th Floor |
|---|---|

| CITY. Encino | STATE: CA | ZIP CODE: 91436 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 6, 2016

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): | | |

E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                  (INSERT DATE)                         (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____     ▶  _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR PLAINTIFF)
Date:
_____     ▶  _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)
Date:
_____     ▶  _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)
Date:
_____     ▶  _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)
Date:
_____     ▶  _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)
Date:
_____     ▶  _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)
Date:
_____     ▶  _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR_____)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER:

Reserved for Clerk's File Stamp

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

CASE NUMBER:

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

SHORT TITLE:                                    CASE NUMBER:

**The following parties stipulate:**

Date:

_____              ➤  _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____              ➤  _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____              ➤  _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____              ➤  _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____              ➤  _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____              ➤  _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

Date:

_____              ➤  _____
      (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:  _____          _____
                                                         JUDICIAL OFFICER

**EXHIBIT 14**

1 | LAW OFFICES OF ZEV B. ZYSMAN
A Professional Corporation
2 | Zev B. Zysman (176805)
zev@zysmanlawca.com
3 | 15760 Ventura Boulevard
16th Floor
4 | Encino, CA 91436
Telephone:    (818) 783-8836
5 | Facsimile:    (818) 783-9985

RECEIVED JUN 28 2016

6 | *Attorneys for Plaintiff and
the Proposed Class*

7

8

9

10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

## FOR THE COUNTY OF LOS ANGELES

12

13 | CARA SHAPIRO, on Behalf of Herself and All )    Case No.: BC619576
Others Similarly Situated, )
14 | )    **CLASS ACTION**
Plaintiff, )
15 | )
v. )    **NOTICE OF INITIAL STATUS**
16 | )    **CONFERENCE AND ORDER RE**
)    **NEWLY ASSIGNED COMPLEX CASE**
17 | LE CREUSET OF AMERICA, INC., and )
DOES 1 through 100, inclusive, )
18 | )    **DEPT:**   323
)
19 | )    Assigned to:   Honorable Elihu M. Berle
Defendants. )
20 | )

21

22

23

24

25

26

27

28

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that the Court has entered the following Order attached hereto as

3  *Exhibit A*, regarding Newly Assigned Complex Case and setting an Initial Status Conference,

4  which is set for August 17, 2016, at 2:00 p.m., in Department 323 of the Los Angeles Superior

5  Court, Central Civil West Courthouse, 600 S. Commonwealth Ave., Los Angeles, CA 90005

6

7  Dated: June 23, 2016

                                   **LAW OFFICES OF ZEV B. ZYSMAN**

8                                     A Professional Corporation

9

10                              By: _____

                                    Zev B. Zysman

11                                   15760 Ventura Boulevard

12                                 16th Floor

                               Encino, CA 91436

                               Telephone:   (818) 783-8836

13                                 Facsimile:   (818) 783-9985

14                                 *Attorneys for Plaintiff and*

                               *the Proposed Class*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/16/16

DEPT. 323

HONORABLE ELIHU M. BERLE   JUDGE    B. BURNS-TUCKER   DEPUTY CLERK

HONORABLE   JUDGE PRO TEM   ELECTRONIC RECORDING MONITOR
#ADD ON

M. MOLINAR   Deputy Sheriff   NONE   Reporter

11:00 am  BC619576

CARA SHAPIRO
VS
LE CREUSET OF AMERICA INC

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY ASSIGNED COMPLEX CASE;

This case has been randomly assigned to this
department for all purposes.

This case is determined to be Complex within the
meaning of Rule 3.400 of the California Rules of
Court.

The Court issues an Initial Status Conference Order.

Initial Status Conference is set for August 17, 2016
at 2:00 P.m. in Department 323. Counsel are ordered
to file a Joint Initial Status Conference report
five (5) court days before the Initial Status
Conference. The Joint Report must be filed on
line-numbered pleading paper and must specifically
answer each of the questions set forth in the
Initial Status Conference Order. Do not use the
Judicial Council Form CM-110 (Case Management
Statement).

At least 10 days prior to the Initial Status
Conference, counsel for all parties must meet and
discuss the issues set forth in the Initial Status
Conference Order issued this date. Compliance with
the Initial Status Conference Order is essential for
assisting the Court and the parties in managing this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties

Page   1 of   3   DEPT. 323

MINUTES ENTERED
06/16/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/16/16                                                    DEPT. 323

HONORABLE ELIHU M. BERLE         JUDGE    B. BURNS-TUCKER    DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM           ELECTRONIC RECORDING MONITOR
#ADD ON
          M. MOLINAR    Deputy Sheriff   NONE              Reporter

| | | | |
|---|---|---|---|
| 11:00 am | BC619576 | Plaintiff Counsel | NO APPEARANCES |
| | CARA SHAPIRO VS LE CREUSET OF AMERICA INC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

are encouraged to informally exchange documents and
information that may be useful for case evaluation.

Unless exempt, each party is required to pay fees of
$1,000.00 to the Los Angeles Superior Court pursuant
to Government Code Section 70616 subdivisions (a)
and (b), within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order
and the Court's Initial Status Conference Order on
all parties forthwith, and file a Proof of Service
in this department within seven days of service.


              CLERK'S CERTIFICATE OF MAILING


I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


                Page   2 of   3   DEPT. 323

**MINUTES ENTERED**
06/16/16
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY Or LOS ANGELES

| DATE: 06/16/16 | | | DEPT. 323 |
|---|---|---|---|
| HONORABLE ELIHU M. BERLE | JUDGE | B. BURNS-TUCKER | DEPUTY CLERK |
| HONORABLE #ADD ON | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| M. MOLINAR | Deputy Sheriff | NONE | Reporter |

| 11:00 am | BC619576 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | CARA SHAPIRO VS LE CREUSET OF AMERICA INC | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

Dated: June 16, 2016

Sherri R. Carter, Executive Officer/Clerk

By: _____ **B. BURNS TUCKER** _____
              B. Burns-Tucker

LAW OFFICES OF ZEV B. ZYSMAN
A professional Corporation
Zev B. Zysman
15760 Ventura Blvd., 16th Floor
Encino, CA 91436

Page   3 of   3   DEPT. 323

MINUTES ENTERED
06/16/16
COUNTY CLERK

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

JUN 16 2016

Sherri R. Carter, Executive Officer/Cl
By: B. Burns Tucker, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CARA SHAPIRO, on Behalf of Herself and All Others Similarly Situated,<br><br>                                   Plaintiff(s),<br><br>    vs.<br><br>LE CREUSET OF AMERICAN, INC., AND does 1 through 100, inclusive<br><br><br><br>                                   Defendant(s). | Case No.: BC619578<br><br>INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All purposes to Judge Elihu M. Berle<br><br>Department 323<br>Date: June 16, 2016<br>Time: 11:00 AM |

This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program. An Initial Status Conference is set for August 17, 2016 at 2:00 p.m., in Department 323 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel

-1-

1   must file a Joint Initial Status Conference Action Response Statement five court days

2   before the Initial Status Conference. The Joint Response Statement must be filed on line-

3   numbered pleading paper and must specifically answer each of the below-numbered

4   questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

5       **1. PARTIES AND COUNSEL:** Please list all presently-named class

6   representatives and presently-named defendants, together with all counsel of record,

7   including counsel's contact and email information.

8       **2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend

9   to add more class representatives? If so, and if known, by what date and by what name?

10   Does any plaintiff presently intend to name more defendants? If so, and if known, by what

11   date and by what name? Does any appearing defendant presently intend to file a cross-

12   complaint? If so, who will be named.

13       **3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the

14   wrong person or entity, please explain.

15       **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any

16   party believes one or more named plaintiffs might not be an adequate class representative,

17   please explain. No prejudice will attach to these responses.

18       **5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class

19   size.

20       **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

21   Please list other cases with overlapping class definitions. Please identify the court, the

22   short caption title, the docket number, and the case status.

23       **7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION**

24   **WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing

25   parties must summarize their views on this issue.

26       **8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to

27   identify and describe the significant core issues in the case. Counsel then are to identify

28   efficient ways to resolve those issues. The vehicles include:

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

a) Motion to Compel Arbitration,

b) Demurrers, and/or motions for judgment on pleadings,

c) Motions to strike,

d) Motions for summary judgment and summary adjudication,

e) Early motions in limine,

f) Early motions about particular jury instructions and verdict forms.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**10. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**11. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**12. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**13. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

■ The next status conference,

---

[1] See Code Civ. Proc. § 437c, subd. (s)

1        ■   A schedule for alternative dispute resolution, if it is relevant,

2        ■   A filing deadline for the motion for class certification, and

3        ■   Filing deadlines and descriptions for other anticipated non-discovery motions.

4        **14. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex

5   program requires the parties in every new case to use a third party cloud service, such as:

6        ■   Case Anywhere (www.caseanywhere.com),

7        ■   CaseHomePage (www.casehomepage.com), or

8        ■   Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

9        Please select one and submit the parties' choice when filing the Joint Initial Status

10  Conference Class Action Response Statement. If there is agreement, please identify the

11  vendor. If the parties cannot agree, the court will select the vendor at the Initial Status

12  Conference. Electronic service is not the same as electronic filing. Only traditional

13  methods of filing by physical delivery of original papers or by fax filing are presently

14  acceptable.

15      Pending further order of this Court, and except as otherwise provided in this Initial

16  Status Conference Order, *these proceedings are stayed, except for service of summons*

17  *and complaint and filing of Notice of Appearance*. This stay shall preclude the filing of

18  any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

19  Court. Any defendant may file a Notice of Appearance for purposes of identification of

20  counsel and preparation of a service list. The filing of such a Notice of Appearance shall

21  be without prejudice to any challenge to the jurisdiction of the Court, substantive or

22  procedural challenges to the Complaint, without prejudice to any affirmative defense, and

23  without prejudice to the filing of any cross-complaint in this action. This stay is issued to

24  assist the Court and the parties in managing this "complex" case. Although the stay

25  applies to discovery, this stay shall not preclude the parties from informally exchanging

26  documents that may assist in their initial evaluation of the issues presented in this case.

27      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order

28  on counsel for all parties, or if counsel has not been identified, on all parties, within five

1  (5) days of service of this order.  If any defendant has not been served in this action,

2  service is to be completed within twenty (20) days of the date of this order.

3                                    ELIHU M. BERLE
                                     Judge of the Superior Court

4  Dated:   **JUN 16 2016**    _____

5                              HON. ELIHU M. BERLE
                               JUDGE OF THE SUPERIOR COURT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA     )
3                                    )     ss.:
COUNTY OF LOS ANGELES   )

4

5       I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 15760 Ventura Boulevard, 16th Floor
6 Encino, CA 91436          .

7       On June 23, 2016 pursuant to the Court's Order dated June 16, 2016, I instituted service of the foregoing document(s) described as: **NOTICE OF INITIAL STATUS CONFERENCE**
8 **AND ORDER RE NEWLY ASSIGNED COMPLEX CASE** , on the interested parties by:

9

10 **X**    **BY MAIL** as indicated above. I deposited such envelope(s) in the mail at Los Angeles,
11     California. The envelope was mailed with postage thereon fully prepaid. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under
12     that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am
13     aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an
14     affidavit.

15       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

      Executed on June 23, 2016 at Encino, California.

17

18    Chris Arnall                            Chris Arnall
      Type or Print Name                        Signature

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**
*Cara Shapiro v. Le Creuset of America, Inc., et al*
Case No.  BC619576 (Superior Court for the County of Los Angeles)

Terry L. Higham
Barton, Klugman & Oetting LLP
350 South Grand Avenue
Suite 2200
Los Angeles, CA 90071-3485

Joseph A. Patella
Andrews Kurth, LLP
450 Lexington Avenue, 15th Floor
New York, New York 10017

*Attorneys for Defendant Le Creuset of America, Inc.*

EXHIBIT  15

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF ZEV B. ZYSMAN, APC<br>Zev B. Zysman (176805)<br>15760 Ventura Blvd., 16th Floor<br>Encino, CA 91436<br>TELEPHONE NO.: 818-783-8836    FAX NO. *(Optional):* 818-783-9985<br>E-MAIL ADDRESS *(Optional):* zev@zysmanlawca.com<br>ATTORNEY FOR *(Name):* CARA SHAPIRO | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 600 South Commonwealth Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90005
BRANCH NAME: Central District - Central Civil West Courthouse

PLAINTIFF/PETITIONER: CARA SHAPIRO

DEFENDANT/RESPONDENT: LE CREUSET OF AMERICA, INC., ET AL.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC619576 |
|---|---|

TO *(insert name of party being served):* Schiller Stores, Inc., a Delaware Corporation

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: July 13, 2016

Zev B. Zysman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

   Amendment to Complaint, Civil Cover Sheet, Civil Cover Sheet Addendum & Statement of Location, Notice of Case Assignment - Class Action Cases, Voluntary Efficient Litigation Stipulations

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**EXHIBIT  16**

Case Summary

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

Case Number: BC619576
CARA SHAPIRO VS LE CREUSET OF AMERICA INC

Filing Date: 05/06/2016
Case Type: Other Commercial/Business Tort (General Jurisdiction)
Status: Pending

Future Hearings

**08/17/2016** at 02:00 pm in department 323 at 600 South Commonwealth Ave., Los Angeles, CA 90005
Initial Status Conference

Documents Filed | Proceeding Information

Parties

DOES 1 THROUGH 10 - Defendant/Respondent

LAW OFFICES OF ZEV B. ZYSMAN A.P.C. - Attorney for Plaintiff/Petitioner

LE CREUSET OF AMERICA INC. - Defendant/Respondent

SCHILLER STORES INC A DELAARE CORP DOE 1 - Defendant/Respondent

SHAPIRO CARA - Plaintiff/Petitioner

Case Information | Party Information | Proceeding Information

Documents Filed (Filing dates listed in descending order)

**06/24/2016** Proof-Service/Summons (OF SUMMONS AND COMPLAINT )
Filed by Attorney for Plaintiff/Petitioner

**06/24/2016** Notice (OF ISC AND ORDER RE NEWLY ASSIGNED COMPLEX CASE )
Filed by Attorney for Plaintiff/Petitioner

**06/24/2016** Amendment to Complaint (SCHILLER STORES, INC., A DELAWARE CORP )
Filed by Attorney for Plaintiff/Petitioner

**06/16/2016** Order (INITIAL STATUS CONFERENCE ORDER COMPLEX LITIGATION PROGRAM )
Filed by Court

**05/06/2016** Complaint

Case Information | Party Information | Documents Filed

Proceedings Held (Proceeding dates listed in descending order)

**06/16/2016** at 11:00 am in Department 323, ELIHU M. BERLE, Presiding
Order-Complex Determination **- Case Determined to be Complex**

Case Information | Party Information | Documents Filed | Proceeding Information