UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5408-GW (ASx) | Date | October 5, 2016 |
|---|---|---|---|
| Title | *Shapiro v. Le Creuset of Am., Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | | None Present |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

      Plaintiff Cara Shapiro ("Plaintiff") filed this lawsuit on May 6, 2016 in Los Angeles County Superior Court. On July 20, 2016, Le Creuset of America, Inc. and Schiller Stores Inc. ("Schiller") (collectively, "Defendants") removed this action to this Court pursuant to 28 U.S.C. § 1441. Defendants argue that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). It is this Court's obligation to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Court issues this Order to Show Cause ("OSC") so that the parties may address the question of whether Defendants have properly demonstrated that the jurisdictional minimum putative class and amount in controversy under CAFA are at issue in this case.

      Federal jurisdiction under CAFA requires that the putative class exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5)(B); *see also Dart Cherokee Basin Operating Co., LLC v. Owens* ("*Dart*"), 135 S. Ct. 547, 552 (2014). In its removal papers, Defendants arrive at the CAFA putative class by asserting that Schiller's Camarillo retail outlet store conducted more than 10,000 individual Point of Sale ("POS") credit card transactions in the one year period preceding the filing of Plaintiff's Complaint. *See* Notice of Removal at 7:5-10, Docket No. 1. However, Plaintiff brought this action on behalf of herself and:

> [A]ll persons in California from whom Defendants *requested and recorded "personal identification information" during a credit card transaction*, at any time, during the one-year period of time preceding the filing of the original Complaint and until said practice is terminated.

*See id.* at 6:16-21 (emphasis added). Here, Defendants have attempted to prove – for purposes of demonstrating removal jurisdiction under CAFA – only the number of POS credit card transactions, not the number of those transactions that included the characteristics of the class as Plaintiff has thus far defined it.

| | Deputy Clerk: | JG |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5408-GW (ASx) | Date | October 5, 2016 |
|---|---|---|---|
| Title | *Shapiro v. Le Creuset of Am., Inc., et al.* | | |

    Further, CAFA requires that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (6); *see also Dart*, 135 S. Ct. at 552. Where the complaint does not state an amount in controversy, the defendant's notice of removal may do so. *Dart*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(c)(2)(A)). Here, Plaintiff's Complaint fails to state an aggregate amount in controversy. *See* Compl. at 56:3-15, Ex. 1, Docket No. 1-1. In their removing papers, Defendants arrive at the CAFA amount in controversy by calculating the statutory penalties potentially recoverable under the Song-Beverly Credit Card Act of 1971 for the 10,000 POS transactions that occurred at Schiller's Camarillo outlet retail store. *See* Notice of Removal at 7:20-28, 8:1-17. Again, the calculations should be predicated on the number of transactions meeting the criteria of Plaintiff's class definition, rather than simply 10,000 POS transactions. Therefore, without first providing a reasonable basis for assessing the putative class size as defined, the Court finds that the calculation is not based on a sufficient foundation to support the jurisdictional minimum amount in controversy under CAFA.

    Accordingly, the Court orders the parties to provide further information regarding the size of the putative class and aggregate amount in controversy no later than October 12, 2016, or address whether Plaintiff can – or must, at the removal stage – revise the class definition in order to make these determinations. The parties may respond to those October 12 submissions, if they choose to do so, by October 19, 2016. All briefs are limited to 10 pages, and the parties are reminded that courtesy copies are to be delivered to Chambers. The hearing on this OSC will be held on October 27, 2016 at 8:30 a.m..

Deputy Clerk:     JG