1  LAW OFFICES OF ZEV B. ZYSMAN
   A Professional Corporation
   Zev B. Zysman (SBN 176805)
2  15760 Ventura Boulevard, 16th Floor
   Encino, CA 91436
3  Telephone: (818) 783-8836
   Facsimile: (818) 783-9985
4  Email: zev@zysmanlawca.com
   Attorneys for Plaintiff Cara Shapiro
5

6  ANDREWS KURTH LLP
   Joseph A. Patella
7  450 Lexington Avenue, 15th Floor
   New York, NY 10017
8  Telephone: (212) 850-2800
   Facsimile: (212) 850-2929
9  E-mail: josephpatella@andrewskurth.com

10 BARTON, KLUGMAN & OETTING LLP
   Terry L. Higham, APLC (SBN 150726)
11 Thomas E. McCurnin, APC (SBN 103762)
   350 South Grand Avenue, Suite 2200
12 Los Angeles, CA 90071-3485
   Telephone: (213) 621-4000
13 Facsimile: (213) 625-1832
   E-mail: t.higham@bkolaw.com
14         tmccurnin@bkolaw.com

15 Attorneys for Defendants
   Schiller Stores Inc.
16 Le Creuset of America, Inc.

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| 20  CARA SHAPIRO, on behalf of herself and all others similarly situated, | CASE NO. 2:16-cv-05408 GW (ASx) |
| 21         Plaintiff, | **[DISCOVERY MATTER]** |
| 22    vs. | [PROPOSED] **AMENDED STIPULATED PROTECTIVE ORDER** |
| 23 | |
| 24  LE CREUSET OF AMERICA, INC., SCHILLER STORES, INC., a Delaware Corporation, and DOES 2 through 100, inclusive, | |
| 25 | |
| 26         Defendants. | |
| 27 | |
| 28 | |

Pursuant to Fed. R. Civ. P. 26(c)(1)(G), Plaintiff Cara Shapiro ("Plaintiff"), on the one hand, and Le Creuset of America, Inc. and Schiller Stores Inc. ("Defendants"), on the other hand (collectively, "the Parties"), hereby stipulate that, subject to the Court's approval, the following procedures shall be followed in this action.

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure or improper use may be warranted. This Protective Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by any Party. The Parties further acknowledge, as set forth below in Section 10, below, that this Stipulated Amended Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material u8nder seal.

2. **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer lists, personal identifying information, personal financial information, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, personal identifying information, personal financial information, confidential business or financial information, information regarding confidential business practices, or other

confidential research, development, or commercial information (including information implicating privacy rights of third parties, current and/or former customers and/or current and/or former employees), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **DEFINITIONS**

3.1 <u>Party</u>: Any party to this action, including its officers, directors, in-house counsel, employees, consultants, and agents.

3.2 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter, or submitted in connection with a motion or other filing.

3.3 <u>"Confidential" Information</u>: "Confidential" information as used herein means any information that a party in good faith believes constitutes or reveals proprietary or commercially sensitive information, trade secrets, information subject to a legally protected right of privacy, personal identifying information, personal

financial information, proprietary business information, or other information subject to protection under the law. In connection with proceedings in this action, the Parties may designate any document, thing, material, testimony, video or audio recording, or other information derived therefrom, as "Confidential" under the terms of this Protective Order only if, in the good faith belief of such Party and its counsel, the unrestricted disclosure of information could be prejudicial to the business, operations, or privacy interests of such Party or of non-parties. By designating a document, thing, material, testimony, video or audio recording, or other information derived therefrom as "Confidential," the Party making the designation is certifying that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g), and as specified above in the Good Cause Statement.

    3.4    <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential."

    3.5    <u>Qualified Persons</u>: Protected Material produced pursuant to this Protective Order may be disclosed or made available only to the Court, to counsel for a Party (including attorney support staff), and to the following "qualified persons" designated below:

    (a)    a Party or an officer, director, agent, or employee of a Party, or a regularly-engaged contractor or vendor of a party, deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b)    Experts or consultants (together with their clerical staff), as defined in section 2.9 below, retained by counsel to assist in the prosecution, defense, or settlement of this action;

    (c)    Professional vendor(s), as defined in section 2.10 below, employed in this action;

    (d)    a witness at any deposition or other proceeding in this action;

    (e)    the author of the document or the original source of the

information;

(f) any other person as to whom the Parties may agree in writing.

With the exception of a Party and Outside Counsel for a Party, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Exhibit A, the original of which shall be maintained in the files of the Outside Counsel of the Party making the disclosure to such qualified person.

3.6 Designating Party: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

3.7 Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including their support staff.

3.8 In-House Counsel: Attorneys who are employees of a Party, including their support staff.

3.9 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not, nor anticipated to become at the time of retention, a current employee of a Party or a competitor of an adverse Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.10 Professional Vendors: Third-persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.11 Receiving Party: A Party that receives information in disclosures or in responses to discovery that is designated as "Confidential".

4. **SCOPE**

Material designated as "Confidential" under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other

documents derived in whole or in part therefrom shall be used only for the prosecution, defense, and settlement of this action. However, the restrictions and obligations set forth within this Protective Order will not apply to any information that: (a) the Parties agree, or the Court rules, should not be designated as Protected Material; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Protective Order; or (d) has come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 Designation in conformity with this Protective Order requires:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>For testimony taken at a deposition</u>, that a statement be made on the record or other proceeding that the information is "Confidential" under the terms of this Protective Order. If practicable, arrangements shall be made with the court reporting service to bind separately such portions of the transcript containing information designated as "Confidential" and to label such portions appropriately. When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony, or a Party or non-party whose "Confidential" information is disclosed, may invoke on the record (before the deposition is concluded) a right to have up to 20 days after delivery of the transcript to identify the specific portions of the

testimony as to which protection is asserted. Only those portions of the testimony that are appropriately designated for protection within the 20 days after delivery of the transcript shall be covered by the provisions of this Protective Order.

(c) <u>For information produced in a form other than documentary form, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential". If only portions of the information or item warrant protection, the Producing Party shall, to the extent practicable, designate only the portions entitled to such protection.

5.2 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Protective Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

This Protective Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether any particular document or information is "Confidential" or whether its use should be restricted; or (ii) to present a motion to the Court under Federal Rule of Civil Procedure Rule 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Protective Order shall not be deemed to prejudice the Parties in any way in the further application for modification of this Protective Order.

Notwithstanding the requirements of Civil Local Rule 37, which applies to discovery disputes generally, if a dispute involves the issue of whether documents or

7

[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER

other materials are appropriately designated as "Confidential," the following procedures shall apply:

    (a)    Counsel for the objecting party shall serve on the Designating Party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the Designating Party or non-party shall respond in writing to such objection within seven (7) days of receipt of the objection, and shall state with particularity the grounds for asserting that the document or information qualifies as "Confidential" under the provisions of this Protective Order. If the Designating Party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute within seven (7) days of receipt of the response to the objection.

    (b)    If a dispute as to a "Confidential" designation of a document or item of information cannot be resolved by agreement, the Designating Party or non-party shall present the dispute to the Court by way of Joint Stipulation as provided in Civil Local Rule 37 within twenty-one (21) days of the conference of counsel, or if no response to an objection is given, within twenty-one (21) days of the deadline for a response. If Counsel for the Designating Party or non-party fails to provide a timely response to an objection or fails to timely present the dispute to the Court as outlined herein, the document or item of information shall lose its designation. If the matter is brought to the Court's attention, the Designating Party or non-party shall bear the burden of proving that the material was properly designated.

The Court may modify the terms and conditions of this Order for good cause, or in the interests of justice, or on its own order, at any time in these proceedings.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

### 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," the Receiving Party must so notify the Designating Party in writing before the scheduled date for production. Such notification must include a copy of the subpoena or court order.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific document(s) at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. Denial of a Receiving Party's request to file Protected Material shall not result from Receiving Party's technical failure to conform to Civil Local Rule 79-5 or any other applicable rule.

11. **DURATION AND FINAL DISPOSITION**

This Protective Order shall survive the final termination of this action, to the extent that the information contained in Protected Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within 60 days of the final termination of this case such that no appeal or writ may be taken, counsel for the Parties shall assemble and return to each other all Protected Material received from the other Parties, and all copies of the same, or shall certify the destruction thereof. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

/ / /

/ / /

/ / /

## 12. INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

Under Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, incorporated herein by reference, the inadvertent or unintentional disclosure by the Producing Party or non-party of information subject to the attorney-client privilege or work-product doctrine, or any other applicable privilege or immunity, shall not be deemed a waiver in whole or in part of the Party's or nonparty's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a Party or non-party has inadvertently produced information subject to a claim of immunity or privilege, the Parties shall comply with their obligations under Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B).

## 13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material whether or not covered by this Protective Order.

13.3 <u>Injunctive Relief</u>. The Parties shall not use or reveal, directly or indirectly, Protected Material in violation of this Protective Order. The Parties stipulate that injunctive relief is an appropriate remedy to prevent any person from using or disclosing Protected Material in violation of this Protective Order.

13.4 <u>Notice</u>: Transmission by electronic mail is acceptable for all notification purposes herein.

///

13.5 dvice to Client: Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Protected Material produced or exchanged in this litigation.

**IT IS SO STIPULATED.**

Dated: February 1, 2017    LAW OFFICES OF ZEV B. ZYSMAN
A Professional Corporation

/s/
ZEV B. ZYSMAN
Attorneys for Plaintiff

Dated: February 1, 2017    BARTON, KLUGMAN & OETTING LLP

TERRY L. HIGHAM
THOMAS E. MCCURNIN
Attorneys for Defendants

Dated: February 1, 2017    ANDREWS KURTH LLP

/s/
JOSEPH A. PATELLA
Attorneys for Defendants

**IT IS SO ORDERED.**

Dated: February 2, 2017    / s /
Alka Sagar
U.S. Magistrate Judge

12
[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARA SHAPIRO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LE CREUSET OF AMERICA, INC., SCHILLER STORES, INC., a Delaware Corporation, and DOES 2 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-05408 GW (ASx)<br><br>**[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER** |

I, _____, in connection with the above-caption lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by other parties and/or non-parties, as defined in the Amended Stipulated Protective Order dated _____.

My address is

_____.

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Amended Stipulated Protective Order and that I have been given a copy of and have read and understood my obligations under that Amended Stipulated Protective Order. I hereby agree to be bound by the terms of the Amended Stipulated Protective Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Amended

1 | Stipulated Protective Order to receive such information.
2 |     I will return on request all materials containing confidential information,
3 | copies thereof and notes that I have prepared relating thereto, to outside counsel of
4 | record for the party with whom I am associated or from whom I received
5 | information or material designated as "Confidential."
6 |     I hereby submit to the jurisdiction of this Court for the purpose of
7 | enforcement of the Protective Order and waive any and all objections to jurisdiction
8 | and venue.
9 |     Respectfully submitted,
10 |
11 | Dated: _____ By:_____